William M. O'Leary
FLEMING & O'LEARY, PLLP
510 East Park Street, Ste. 200
P.O. Box 527
Butte, MT  59703
Ph:     (406) 723-5600
Fax:    (406) 723-5602

FEB 09 2018
Tom Powers, Clerk
By_____
    Deputy Clerk

EXHIBIT
1

Attorneys for plaintiff Elva Francene Archibald

## MONTANA SECOND JUDICIAL DISTRICT COURT, SILVER BOW COUNTY

| | |
|---|---|
| ELVA FRANCENE ARCHIBALD, <br><br> Plaintiff, <br><br> -vs- <br><br> KXLF COMMUNICATIONS, LLC, d/b/a KXLF-TV/KBZK-TV/BUTTE-BOZEMAN CW, KXLF.com and KBZK.com, JON SAUNDERS, and JOHN AND JANE DOES 1-10, <br><br> Defendants. | Cause No. DV-16-39-BN <br><br> **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW plaintiff Elva Francene Archibald, and for her amended complaint and causes of action against defendants KXLF Communications, LLC, d/b/a KXLF-TV/KBZK-TV/Butte-Bozeman CW, KXLF.com and KBZK.com, Jon Saunders, and John and Jane Does 1-10, herein states and alleges as follows:

### PARTIES
### JURISDICTION

1. Plaintiff Elva Francene Archibald is a resident and citizen of the State of Montana, who resides in the City and County of Butte-Silver Bow, Montana.

2. On information and belief, defendant KXLF Communications, LLC, d/b/a KXLF/KBZK/Butte-Bozeman CW, KXLF.com and KBZK.com, is a foreign business entity with its headquarters in Charleston, South Carolina (hereinafter collectively referred to as defendant

KXLF), licensed to do business in the State of Montana, and owns and operates the KXLF television station, located at 1003 South Montana Street, in Butte, Montana, and the KBZK television station, located in Bozeman, Montana.

3. Jurisdiction and venue are proper in this court as all acts material hereto occurred in the City and County of Butte-Silver Bow, State of Montana, and defendant KXLF has its principal place of business in Butte-Silver Bow County.

4. Defendant Jon Saunders is a resident and citizen of the State of Montana, who is employed by defendant KXLF, as its President and General Manager. At all times material hereto, defendant Saunders was the supervisor of plaintiff.

5. On information and belief, plaintiff believes and therefore alleges that John and Jane Does 1 through 10 are persons and/or principles and employees of defendant KXLF, who participated in, or made the ultimate decision, to terminate the employment contract of plaintiff, and/or otherwise acted to cause plaintiff injuries and damages. It is anticipated that discovery herein will disclose the true names of those persons now identified as defendants John and Jane Does, and such persons will then be named as defendants herein.

## FACTUAL ALLEGATIONS

6. In April 1994, plaintiff was hired by defendant KXLF, as an account executive, to solicit local businesses and organizations to do advertising on the KXLF television station. Plaintiff initially received a base salary, and received commissions based on the amount of advertising she sold. After approximately eight months, plaintiff's salary was based solely on commission. Plaintiff also received employment benefits including health insurance and pension/retirement. During her entire period of employment, plaintiff was a diligent, hardworking, and competent employee.

7. During her entire period of employment for defendant KXLF, plaintiff received

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

2

favorable and positive evaluations of her job performance, albeit on an irregular basis. Plaintiff was routinely recognized as the top producer of advertising business and revenue for defendant, and was recognized for such with eighteen (18) Montana Broadcaster Awards.

8. In December 2013, plaintiff was informed by defendant KXLF that, as a condition of future employment, she would have to sign an employment contract. As part of that contract, plaintiff was advised that all account executives would have an advertising goal of $100,000 in new sales for the year 2014. It should be noted that plaintiff had routinely achieved advertising sales in excess of this amount in prior years. However, in addition to setting this new sales goal, defendant KXLF arbitrarily reduced plaintiff's commission rate.

9. Contrary to the prior success of plaintiff in selling advertising for defendant KXLF, beginning in 2013, it began to take actions which negatively impacted the ability of plaintiff to do so. In addition to significantly reducing its staff, including employment positions in production and sales assistance, defendant KXLF also limited the assistance previously available to account executives for sales presentations to past advertising customers and potential future clients.

10. On information and belief, beginning in 2013, defendant KXLF and defendant Saunders engaged in actions and policies, and/or allowed certain practices which advantaged certain of its advertising account executives, and discriminated against plaintiff based on her age and marital status, including the fact that she had children. More specifically, on the pretext that plaintiff was not available to, or was not adequately providing services to past and existing advertising clients, defendants KXLF and Saunders allowed other account executives to conduct and attempt to solicit advertising business from these clients.

11. Contrary to plaintiff's long established and on-going advertising account relationships with numerous local businesses, defendant KXLF unilaterally decided that any of

3

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

its advertising executives could solicit advertising business from such accounts if there had not been any new business within the past year. This action caused confusion to advertising business customers who were contacted by account executives with whom they had not dealt with in the past. Despite complaints from several of plaintiff's advertising customers, defendant KXLF failed to address such. Contrary to these actions by defendant KXLF, plaintiff met her sales goal for 2013.

12. On March 27, 2014, plaintiff met with defendant Saunders, who advised that her advertising revenues were down, and that such would need to be corrected. On July 17, 2014, plaintiff again met with defendant Saunders, who advised her that a contract would not be offered for 2015. Plaintiff was directed by defendant Saunders to not discuss her employment situation with anyone. Defendant Saunders advised plaintiff that defendant KXLF intended to offer her a severance package when she left her employment.

13. Defendant KXLF breached its employment contract with plaintiff on the false pretense that she had failed to reach her advertising sales goal, while being fully aware that none of its advertising executives had met this goal.

14. Plaintiff continued to work for defendant KXLF, from her home, and remained available at all times to assist her existing advertising clients with their accounts. Plaintiff heard nothing further from defendant Saunders, or any other representatives of defendant KXLF, although her advertising clients attempted and continued to attempt to contact her. Defendant KXLF periodically would communicate with plaintiff via e-mail or text message. Several advertising clients were confused by plaintiff's absence from work, and none of the defendants would acknowledge to these clients that she no longer was employed. On information and belief, defendant KXLF misled plaintiff's advertising clients as to plaintiff's employment status, with the intent to retain these clients' advertising business.

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

4

15. On information and belief, plaintiff alleges that defendant KXLF's decision to terminate her employment was based, in part, due to her age and marital status, including the fact that she had two minor children, and was discriminatory as the reasonable demands of plaintiff's employment as an advertising account executive do not require any such distinction.

16. On information and belief, plaintiff alleges that defendants KXLF, Saunders, and defendants John and Jane Does, conspired to interfere with plaintiff's existing advertising account relationships with certain local businesses and organizations, with the intent of depriving plaintiff of her employment.

17. Plaintiff would have received, and/or had the potential to receive additional compensation, in the form of sales commissions, in her position as an account executive. Plaintiff, at all times, had the required skills and proficiency to succeed at her position with defendant KXLF. At no time did plaintiff consider leaving her employment, and she planned to work until she was at least sixty-five (65) years of age.

18. On or about December 31, 2014, plaintiff's employment contract was terminated by defendant KXLF. Upon termination, defendant KXLF, contrary to the representations of defendant Saunders, never offered plaintiff any type of severance package.

19. As a result of defendants' actions and inactions in interfering with plaintiff's employment, in engaging in discriminatory practices against plaintiff, and by conspiring to interfere in and deprive plaintiff of her employment, plaintiff has suffered emotional distress as a direct and proximate result of such actions and inactions.

## COUNT I
## BREACH OF CONTRACT

20. Plaintiff re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiff entered into an employment contract with defendant KXLF for employment.

22. Defendants have materially breached the terms and conditions of the employment contract entered into with plaintiff. Defendants' relied on statements that were false and contrived, and were a pretext for other reasons of defendants to breach plaintiff's employment contract, and none of which statements were legitimate business reasons.

23. As the result of defendant KXLF's breach of this employment contract, plaintiff has suffered damages in an amount to be proven at trial.

24. Defendant Saunders and, on information and belief, the John and Jane Doe defendants herein, acted to the detriment of plaintiff, by misleading her and by conspiring to interfere with plaintiff's existing advertising account relationships with certain local businesses and organizations, and with the intent of depriving plaintiff of her employment. Defendant Saunders actions taken in the course of plaintiff's termination were arbitrary, capricious, and done with malice.

25. By their conduct, defendants are guilty of actual malice and fraud and as the result of which, plaintiff is entitled to punitive damages for the sake of example.

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AND ATTORNEYS' FEES AND COSTS

26. Plaintiff re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. Pursuant to Montana law, there is a covenant of good faith and fair dealing which is implied in any contractual relationship, including the employment contract entered into between defendant KXLF and plaintiff. A breach of the implied covenant of good faith and fair dealing is a breach of contract.

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

6

28. Defendant KXLF has breached the implied covenant of good faith and fair dealing with plaintiff as set-forth above.

29. Defendant KXLF's failure to perform its duties and obligations under the employment contract constitutes a breach of the covenant of good faith and fair dealing, and plaintiff has been damaged by this breach.

30. Plaintiff is entitled to recover as part of any award, judgment, or other resolution of this matter, all damages she has incurred, including but not limited to, her reasonable costs and attorney fees incurred to enforce the terms and conditions of the employment contract offered by defendant KXLF, and to enforce the covenant of good faith and fair dealing implied therein.

## COUNT III
## VIOLATION OF MONTANA HUMAN RIGHTS ACT

31. Plaintiff re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. Plaintiff was discriminated against by defendants based on her age, marital status, and sex, in violation of Mont. Code Ann. § 49-2-303(1)(a).

33. Defendants KXLF and Saunders decision to terminate plaintiff's employment was discriminatory as plaintiff believes such was motivated primarily due to her age, marital status, and the fact that she is the parent of two children.

34. By notice dated November 23, 2015, plaintiff's Charge of Discrimination filed with the Montana Human Rights Bureau was dismissed, and she received notice of her right to file a civil action in the district court.

35. As the result of defendants' violation of Mont. Code Ann. § 49-2-303(1)(a), plaintiff has suffered damages in an amount to be proven at trial.

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

7

## COUNT IV
## VIOLATION OF FEDERAL CIVIL RIGHTS

36. Plaintiff re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiff was discriminated against by defendants based on her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

38. Defendants KXLF and Saunders decision to terminate plaintiff's employment was discriminatory as plaintiff believes such was motivated primarily due to her gender, including her marital status, and the fact that she is the parent of two children.

39. By notice dated September 16, 2016, plaintiff's Charge of Discrimination filed with the U.S. Equal Opportunity Commission was dismissed. On September 20, 2016, plaintiff received notice of her right to file a civil action concerning this charge.

40. As the result of defendants' violation of Title VII, plaintiff has suffered damages in an amount to be proven at trial.

## COUNT V
## VIOLATION OF FEDERAL AGE DISCRIMINATION ACT

41. Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiff was discriminated against by defendants based on her age, marital status, and sex, in violation of 29 U.S.C. §§ 621 to 634.

43. Defendants KXLF and Saunders decision to terminate plaintiff's employment was discriminatory as plaintiff believes such was motivated at least in part due to illegal age discrimination within the meaning of the federal Age Discrimination in Employment Act.

44. As the result of defendants' violation of 29 U.S.C. § 623(a), plaintiff has suffered damages in an amount to be proven at trial.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. As the result of defendants' actions against plaintiff, she has suffered and continues to suffer embarrassment, sleepless nights, insecurity, grief, shame, humiliation, disappointment, and worry. Given plaintiff's close working relationship with defendants, they knew or should have known that their actions would result in emotional distress to plaintiffs.

47. As a consequence of defendants' negligent infliction of emotional distress on plaintiff, she has suffered damages in an amount to be proven at trial.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. Plaintiff's emotional distress was a reasonably foreseeable consequence of defendants' intentional acts and/or omissions. Defendants KXLF and Saunders knew or should have known that plaintiff would suffer emotional distress as the result of their actions.

50. As a consequence of defendants' intentional infliction of emotional distress on plaintiff, she has suffered damages in an amount to be proven at trial.

WHEREFORE, plaintiff, having fully set forth her claims herein, prays for judgment as follows:

1. For judgment against the defendants for all compensatory damages caused by them, as are allowed by law;

2. For judgment against defendants for all damages caused the breach of plaintiff's employment contract, and the covenant of good faith and fair dealing;

3. For punitive damages allowed by Montana law, and proven at the time of trial;

4. For all emotional distress damages allowed by law;

5. For an award of all costs and attorney fees incurred by plaintiff, as permitted by Montana law;

6. For the costs of suit herein; and

7. For such further relief as the court deems meet and just.

DATED this 9th day of February, 2018.

FLEMING & O'LEARY, PLLP

By _____
P.O. Box 527
Butte, MT 59703

Attorneys for plaintiff
Elva Francene Archibald

## DEMAND FOR JURY TRIAL

COMES NOW plaintiff Elva Francene Archibald, and hereby demands a jury trial to resolve all issues raised by the allegations of her Complaint.

DATED this 9th day of February, 2018.

FLEMING & O'LEARY, PLLP

By _____
P.O. Box 527
Butte, MT 59703

Attorneys for plaintiff
Elva Francene Archibald

## VERIFICATION

STATE OF MONTANA          )
                          : ss.
County of Silver Bow      )

ELVA FRANCENE ARCHIBALD, being first duly sworn upon oath, deposes and states as follows:

That I am the plaintiff in the above-captioned matter; that I have read the foregoing Complaint and know the facts and matters as set forth therein and that the allegations are true and correct to the best of my knowledge and belief.

_Elva Francene Archibald_
Elva Francene Archibald

SUBSCRIBED AND SWORN TO before me, a Notary Public for the State of Montana, this 9th day of February, 2018, by ELVA FRANCENE ARCHIBALD.



_Patrick T. Fleming_
Patrick T. Fleming

PATRICK T FLEMING
NOTARY PUBLIC for the
State of Montana
Residing at Butte, MT
My Commission Expires
February 08, 2019.

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2018, the foregoing was served upon the following counsel of record by depositing a true copy thereof in the United States mails, postpaid, addressed as follows, to-wit:

Timothy C. Kelly
Kelly Law Office
P.O. Box 65
Emigrant, MT 59027

Bryan L. Spoon
Spoon Gordon Ballew, PC
P.O. Box 8869
800 South 3rd Street West
Missoula, MT 59807-8869

                                    FLEMING & O'LEARY, PLLP

                                    By _____
                                         P.O. Box 627
                                         Butte, MT 59703